United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51261
Conference Calendar

_____

BILL RUTHERFORD,

Plaintiff-Appellant,

versus

BELL COUNTY JAIL ADMINISTRATOR; BELL COUNTY
SHERIFF; BELL COUNTY SHERIFF'S DEPARTMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CV-286
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bill Rutherford, Texas prisoner # 275320, has filed a motion
for leave to proceed in forma pauperis (IFP) in his appeal of
the district court's dismissal of his 42 U.S.C. § 1983 action
as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and
1915A(b)(1).  He argues that:  (1) the laws in effect at the
time of the commission of his offense on July 30, 1977, govern
the revocation of his parole for that offense; (2) his 42 U.S.C.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983 action is based on <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), and is not frivolous; and (3) the retroactive application of laws enacted after the commission of his offense violated his constitutional rights.  Rutherford does not argue that the statute of limitations is inapplicable or that the limitations period should have been equitably tolled for any reason.  Because Rutherford does not provide any analysis of this issue, he therefore waives any appeal of it.  See <u>United States v. Reyes</u>, 300 F.3d 555, 558 n.2 (5th Cir. 2002); <u>American States Ins. Co. v. Bailey</u>, 133 F.3d 363, 372 (5th Cir. 1998).  Because Rutherford has not shown that the district court erred in certifying that an appeal would not be taken in good faith, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous.  See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The district court's dismissal of his complaint and this court's dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g).  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).  Rutherford has received strikes in the following cases: <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51262, <u>Rutherford v. Disciplinary Case</u>, No. 02-11050, <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51266, <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51259, <u>Rutherford v. Board of Pardons and Paroles</u>, No. 02-51260, and <u>Rutherford v. Board of Pardons and Paroles</u>,

No. 02-51268.  Rutherford has now accumulated over three strikes under 28 U.S.C. § 1915(g), and he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.